H. R. GARRIS v. J. K. YOUNG AND YOUNG MERCANTILE COMPANY,
A CORPORATION.

(Filed 5 October, 1927.)

**Damages—Arrest—Pleadings—Demurrer.**

> No cause of action is alleged in the complaint upon allegations that
> defendant who was on his appearance bond to appear at court upon
> appeal from a misdemeanor, misinformed the plaintiff that the cost of
> the prosecution had been paid and he was discharged, and in consequence
> of this erroneous statement he had been taken on a capias and incarcer-
> ated, thereby sustaining the damages in suit.

APPEAL by plaintiff from *Cranmer, J.,* at March Term, 1927, of
PITT. Affirmed.

*S. J. Everett for plaintiff.*
*Skinner, Cooper & Whedbee and Albion Dunn for defendant.*

PER CURIAM. The substantial allegations of the complaint are that
on 1 November, 1924, the plaintiff was employed by J. K. Young,
manager of the Young Mercantile Company, to advertise the company
in the town of Greenville, and while so engaged he was arrested for
violating an ordinance of the town. The manager then requested him
to appear before the proper court and, if convicted, to appeal to the
Superior Court in term. In the mayor's court he was convicted and
appealed, the defendant Young signing his appearance bond as surety.
Thereafter the plaintiff inquired of Young as to the disposition of the
case, and was told that the cost had been paid and that the plaintiff had
been discharged, and was not required to attend the court. He alleged
that he did not attend and that his absence was the result of Young's
failure to pay the cost; that he was arrested under an order of the
Superior Court on account of delinquent costs and imprisoned all night
and a part of the next day, and then brought into court and held in

SAWYER *v.* TOXEY.

custody, and that in consequence of the wrongful acts of the defendants he had been damaged in the sum of $5,000. The defendants demurred *ore tenus;* the demurrer was sustained, the action dismissed, and the plaintiff appealed.

The plaintiff knew that he had given a bond for his appearance in the Superior Court, and he is presumed to have known that in case of default he would be subject to arrest under a capias. It has been said, "When a man has a case in court the best thing he can do is to attend to it; if he neglects to do so he cannot complain." *Pepper v. Clegg,* 132 N. C., 312. The plaintiff should have observed this injunction and not relied upon the statement of Young under the circumstances alleged in the complaint. We have discovered no sufficient ground upon which to base a recovery.

Affirmed.